# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRENDA HARRIS,                )
                              )
        Plaintiff,        )   Case No.  2:12-cv-02045-RCJ-CWH
                              )
vs.                           )   **ORDER**
                              )
WALGREENS,                    )
                              )
        Defendant.        )
_____)

       This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on November 29, 2012.

**I.**    ***In Forma Pauperis* Application**

       Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Court will now screen Plaintiff's complaint.

**II.**    **Screening the Complaint**

       Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.  Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." According to Plaintiff's complaint she is a citizen of Nevada. Plaintiff has not alleged sufficient facts to determine the citizenship of Defendant nor the amount of damages she is seeking. Therefore, the Court finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### B.  Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question

jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

### 1. Section 1983 Claim

Plaintiff filed her Complaint on the court's civil rights complaint form for actions pursuant to Title 42 U.S.C. § 1983.  The substance of Plaintiff's allegations reveals, however, that she is not alleging a civil rights violation under Section 1983.  Section 1983 "provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law." *Burke v. Cnty. of Alameda*, 586 F.3d 725, 731 (9th Cir. 2009) (*quoting Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992)).  To sustain an action under Section 1983, a plaintiff must prove that (1) the defendant acted under color of state law; and (2) the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *See Johnson v. Knowles*, 113 F.3d 1114 (9th Cir. 1997).  Plaintiff has not alleged that Defendant acted under color of state law nor has she otherwise alleged any state action in the Complaint.  Rather, the Complaint alleges that Plaintiff's former employer, a private actor, discriminated against her and ultimately terminated her employment because of her race, disability, and age. *See Blum v. Yaretsky*, 457 U.S. 991, 1002-12 (1982) (private persons who are not government officials may be sued under § 1983, but they and their actions must be very closely tied to the government in order to be considered "acting under color of state law").  Accordingly, Plaintiff has failed to state a cognizable claim under Section 1983.

### 2. Title VII, ADA, and ADEA Claims

The Court finds that Plaintiff's Complaint could be construed as attempting to state a claim for race discrimination and hostile work environment under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and disability discrimination and hostile work environment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*  Claims under these statutes invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  However, because Plaintiff failed to properly identify these statutes,

the Court will grant her leave to file an Amended Complaint with properly labeled causes of action and sufficient facts to support a claim upon which relief can be granted.

### i.     Title VII Claims

Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if she has exhausted both state and EEOC administrative procedures. Once a plaintiff files charges with the EEOC, it will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Plaintiff received a right to sue letter on September 10, 2012 and filed this action within 90 days of its receipt. Thus, it appears as though Plaintiff has exhausted her administrative remedies.

In order to prove a prima facie case of race discrimination in violation of Title VII, Plaintiff must establish the following: (a) she belonged to a protected class; (b) she was qualified for the position; (c) she was subject to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)). Plaintiff may also provide direct evidence of the discrimination. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Plaintiff alleges that is she is a black female who was subjected to racial remarks and was not allowed to transfer to another store location until eventually being terminated. She also alleges that other employees were given more favorable shifts including a white female. However, Plaintiff failed to state how she was qualified for her position.

Similarly, in order to put forth a prima facie case for hostile work environment in violation of Title VII, a plaintiff must show that (a) she was subjected to verbal or physical conduct of a racial or sexual nature, (b) that conduct was unwelcome, and (c) the conduct was sufficiently severe

or pervasive to alter the conditions of her employment and created an abusive work environment. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634 (9th Cir. 2003). Plaintiff alleges that her co-workers tampered with her food, took items she purchased, and engaged in unwelcome contact with her. Plaintiff failed to state the dates these incidents occurred and establish how pervasive the conduct was to alter the conditions of her employment. The Court will therefore grant Plaintiff leave to amend her complaint to allege facts sufficient to state claims for racial discrimination and hostile work environment.

### ii.     ADA Claim

Additionally, the ADA prohibits discrimination against people with recognized disabilities under 42 U.S.C. § 12102. Like Title VII, the ADA requires a plaintiff to exhaust both state and Equal Employment Opportunity Commission ("EEOC") administrative procedures. Section 12112(b) provides that refusal to make reasonable accommodation for disability, absent a showing of undue hardship by the employer, constitutes discrimination. It also prohibits retaliation in the form of adverse employment action resulting from requests for such accommodation. Further, Section 12117 provides for enforcement through the EEOC or through a private civil action. In order to prove a prima facie claim under the ADA, a plaintiff must show that: (a) she is disabled within the meaning of the ADA; (b) she is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) she suffered an adverse employment action because of her disability. *See Allen v. Pacific Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003); *see also U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 396 (2002). Under the ADA, "disability" is defined as: "(a) physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such impairment; or (c) being regarded as having such impairment." *Id.* Plaintiff's Complaint fails to allege sufficient facts to state a claim for disability discrimination under the ADA as she does not identify her disability and why she believes she was terminated because of that disability.

Further, **t**o state a prima facie case of a hostile work environment based on a disability, a plaintiff must show that: (1) she is member of protected class, i.e., a "qualified individual with a disability," (2) she was subjected to unwelcome harassment, (3) harassment occurred because of

her disability, (4) harassment affected term, condition, or privilege of employment, and (5) employer knew or should have known of harassment, but took no action to prevent it. *See* 42 U.S.C. §§ 12101–17. As noted above, Plaintiff has not alleged that she is disabled as defined by Section 12102. The Court will therefore grant Plaintiff leave to amend her complaint to allege facts sufficient to state a claim for disability discrimination and hostile work environment.

### iii.    ADEA Claim

Finally, the ADEA prohibits discrimination against employees who are age 40 and over because of their age. *Diaz v. Eagle Produce Ltd. Partnership,* 521 F.3d 1201 (9th Cir.2008). In order to establish a prima facie case of age discrimination, plaintiff must establish that she is: (a) at least forty years old; (b) performed her job satisfactorily; (c) was discharged; and (d) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Id.* Plaintiff's Complaint indicates that she is 58 years-old. She alleges that Defendant discriminated against her based on age by assigning her undesirable work assignments that younger coworkers were not assigned to do. However, Plaintiff fails to provide factual information indicating that she was replaced by a substantially younger employee or discharged for reasons that infer age discrimination. The Court will therefore grant Plaintiff leave to amend her complaint to allege facts sufficient to state a claim for age discrimination.

In conclusion, because Plaintiff has failed to properly state her causes of action and provide sufficient factual support, her Complaint must be dismissed. The dismissal will be without prejudice to Plaintiff and she may amend her complaint to include adequate factual allegations to support her claims. If Plaintiff elects to proceed by filing an amended complaint, she is informed that the Court cannot refer to a prior pleading to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th cir. 1967). Therefore, in an amended complaint, each claim, and the involvement of the defendant, must be sufficiently alleged.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 4th day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**