1
2
3
4        **UNITED STATES DISTRICT COURT**
5            **DISTRICT OF NEVADA**
6
7    BRENDA HARRIS,                      )
8                 Plaintiff,             )     Case No.  2:12-cv-02045-RCJ-CWH
                                         )
9    vs.                                 )     **ORDER**
                                         )
10   WALGREENS,                          )
                                         )
11                 Defendant.            )
     _____     )
12
           This matter is before the Court on Plaintiff's Amended Complaint (#6), filed on January 2,
13
     2013.  On December 4, 2013, the Court granted Plaintiff's Application for Leave to Proceed *in*
14
     *Forma Pauperis* (#1) and ordered the Clerk of the Court to file Plaintiff's Complaint.  *See* Order
15
     #2.  In addition, the Court ordered that the Complaint be dismissed without prejudice and granted
16
     Plaintiff thirty (30) days to file an amended complaint correcting the noted deficiencies.  The Court
17
     will now screen Plaintiff's Amended Complaint (#6).
18
     **I.    Screening the Amended Complaint**
19
           Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
20
     complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action
21
     is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks
22
     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When
23
     a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the
24
     complaint with directions as to curing its deficiencies, unless it is clear from the face of the
25
     complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
26
     F.3d 1103, 1106 (9th Cir. 1995).
27
           Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
28
     for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case.  Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

**A.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  According to Plaintiff's complaint she is a citizen of Nevada.  Plaintiff has not alleged sufficient facts to determine the citizenship of Defendant and seeks $55,296 in damages.  Therefore, the Court finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**B.     Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that

1    power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

2    Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions

3    arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal

4    law either where federal law creates the cause of action or 'where the vindication of a right under

5    state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v.*

6    *Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction*

7    *Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question

8    jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482

9    U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only

10   when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

11       Here, Plaintiff attempts to alleges race discrimination and hostile work environment in

12   violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., age

13   discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

14   U.S.C. § 621 *et seq.*, and disability discrimination and hostile work environment in violation of the

15   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*  Claims under these statutes

16   invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

17               **1.    Title VII Claims**

18       Title VII allows an individual to sue an employer for discrimination on the basis of race,

19   color, religion, gender or national origin if she has exhausted both state and EEOC administrative

20   procedures.  Once a plaintiff files charges with the EEOC, it will investigate the charges, attempt to

21   reach a settlement, and decide whether to sue the employer or refer the decision to sue to the

22   Attorney General if the charges are against a state or local governmental entity.  *Id.*  If the EEOC or

23   Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the

24   EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with

25   the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff may sue

26   in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825-26,

27   110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Plaintiff received a right to sue letter on September 10,

28   2012 and filed this action within 90 days of its receipt.  Thus, it appears as though Plaintiff has

exhausted her administrative remedies.

In order to prove a prima facie case of race discrimination in violation of Title VII, Plaintiff must establish the following: (a) she belonged to a protected class; (b) she was qualified for the position; (c) she was subject to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).  In order to put forth a prima facie case for hostile work environment in violation of Title VII, a plaintiff must show that (a) she was subjected to verbal or physical conduct of a racial or sexual nature, (b) that conduct was unwelcome, and (c) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and created an abusive work environment. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634 (9th Cir. 2003).

Plaintiff alleges that is she is a black female who was subjected to racial remarks and was not allowed to transfer to another store location.  She also alleges that other, white, employees were given more favorable shifts.  Plaintiff further alleges that her co-workers tampered with her food, took items she purchased, and engaged in unwelcome contact with her.  Taking these allegations as true, the Court finds that Plaintiff has alleged facts sufficient to state a claim for relief under Title VII.

### 2.   ADA Claim

The ADA prohibits discrimination against people with recognized disabilities under 42 U.S.C. § 12102.  Like Title VII, the ADA requires a plaintiff to exhaust both state and Equal Employment Opportunity Commission ("EEOC") administrative procedures.  Section 12112(b) provides that refusal to make reasonable accommodation for disability, absent a showing of undue hardship by the employer, constitutes discrimination.  It also prohibits retaliation in the form of adverse employment action resulting from requests for such accommodation.  Further, Section 12117 provides for enforcement through the EEOC or through a private civil action.  In order to prove a prima facie claim under the ADA, a plaintiff must show that: (a) she is disabled within the meaning of the ADA; (b) she is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) she suffered an adverse employment action because

of her disability.  *See Allen v. Pacific Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003); *see also U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 396 (2002).  Under the ADA, "disability" is defined as: "(a) physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such impairment; or (c) being regarded as having such impairment." *Id.*  Further, **t**o state a prima facie case of a hostile work environment based on a disability, a plaintiff must show that: (1) she is member of protected class, i.e., a "qualified individual with a disability," (2) she was subjected to unwelcome harassment, (3) harassment occurred because of her disability, (4) harassment affected term, condition, or privilege of employment, and (5) employer knew or should have known of harassment, but took no action to prevent it.  *See* 42 U.S.C. §§ 12101–17.

Plaintiff alleges she is disabled due to rheumatoid arthritis, autoimmune dysfunction, anxiety, gastroesophageal reflux disease, and hypothyroidism.  She also alleges that she requested several accommodations including: a reduction in hours due to her medication, a stool due to her inability to stand for eight hours, and a transfer.  Plaintiff alleges that Defendant's refusal to accommodate her disability resulted in a hostile work environment until her constructive discharge.  Taking these allegations as true, the Court finds that Plaintiff has alleged sufficient facts to state a claim for relief under the ADA.

### 3.   ADEA Claim

The ADEA prohibits discrimination against employees who are age 40 and over because of their age.  *Diaz v. Eagle Produce Ltd. Partnership,* 521 F.3d 1201 (9th Cir.2008).  In order to establish a prima facie case of age discrimination, plaintiff must establish that she is: (a) at least forty years old; (b) performed her job satisfactorily; (c) was discharged; and (d) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination.  *Id.*

Plaintiff's Amended Complaint indicates that she is 58 years-old.  She alleges that Defendant discriminated against her based on age by assigning her undesirable work assignments that younger coworkers were not assigned to do.  Plaintiff also alleges that younger employees were given more favorable shifts.  Taking these allegations as true, the Court finds that Plaintiff has

alleged sufficient facts to state a claim for relief under the ADEA.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Amended Complaint (#6) and shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved Defendant, a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

**IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include, with the original papers submitted for filing, a certificate stating that a true and correct copy of the document was mailed to Defendant or counsel for Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED this 9th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**